J-S93018-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD ALEXANDER BUDA | |
| Appellant | No. 2160 EDA 2016 |

Appeal from the PCRA Order dated June 28, 2016
In the Court of Common Pleas of Wayne County
Criminal Division at No(s): CP-64-CR-0000156-1997

BEFORE:  DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED FEBRUARY 03, 2017**

Appellant, Edward Alexander Buda, appeals from the order dismissing his second petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On January 28, 1998, Appellant pleaded guilty to and was sentenced for murder of the first degree[1] stemming from an incident on August 11, 1996, in which he and his co-defendants broke into the home of Charles Gregg in Wayne County, subdued and duct-taped Mr. Gregg's hands and feet, and each fired a shot from a revolver into Mr. Gregg as he was lying on the floor.  N.T., 1/28/1998, at 3, 9, 11.  It is undisputed that Appellant was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2502(a).

18 years old at the time of the crime. Appellant's Brief at 4; Commonwealth's Brief at 2. Appellant did not file a direct appeal.

On November 20, 1998, Appellant filed his first PCRA petition, which was dismissed by the lower court on August 28, 2001. On September 12, 2001, Appellant filed a notice of appeal to this Court, and we affirmed the lower court's order on August 26, 2002.[2] On September 18, 2002, Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on January 13, 2003.

Appellant filed his current *pro se* PCRA petition on March 21, 2016, asserting that, although Appellant was not under the age of 18 at the time of his offense, the reasoning of the United States Supreme Court's decision in ***Miller v. Alabama***, 132 S.Ct. 2455 (2012), should be applied to his case and his sentence should be vacated. ***Miller*** held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 132 S.Ct. at 2460.

On May 31, 2016, the PCRA court entered a notice of intent to dismiss without a hearing if Appellant did not respond in writing to the proposed dismissal within 20 days, pursuant to Pa. R. Crim. P. 907. In its notice of intent to dismiss, the PCRA court stated that Appellant "was eighteen (18)

---

[2] ***Commonwealth v. Buda***, No. 2878 EDA 2001 (Pa. Super. Aug. 26, 2002) (unpublished memorandum).

years old when he was convicted and sentenced to life imprisonment without parole for Murder of the First Degree" and "therefore is not included in the class of offenders explained in *Miller*." Notice of Intent to Dismiss, dated May 31, 2016, at 1.[3] The trial court hence gave notice that it intended to dismiss on the merits because *Miller* did not apply.

On June 22, 2016, having received no response from Appellant, the PCRA court dismissed Appellant's PCRA petition. On July 8, 2016, Appellant filed a timely notice of appeal. Although Appellant's appeal raises several issues for our review,[4] we do not reach those issues because Appellant's

_____

[3] The trial court's statement of Appellant's age at the time of his conviction in 1998 was a factual error. There is no dispute between the parties that Appellant was born in 1978 and was 18 years old when he committed the murder in 1996 — not when he was convicted and sentenced in 1998. Although we ultimately hold that the PCRA court properly dismissed Appellant's PCRA petition, we note that the PCRA court did so on the incorrect basis that Appellant was 18 years old "when he was **convicted and sentenced** to life imprisonment," Notice of Intent to Dismiss, 5/31/2016, at 1, instead of "**at the time of [his] crimes**," *Miller*, 132 S.Ct. at 2460. However, "[w]e can affirm the court's decision if there is any basis to support it, even if we rely on different grounds to affirm." *In re Payne*, 129 A.3d 546, 571 (Pa. Super. 2015), *appeal denied*, 145 A.3d 167 (Pa. 2016); *accord Commonwealth v. Pursell*, 749 A.2d 911, 917 (Pa. 2000).

[4]    (1)    Was the Court in Error when it dismissed Appellant's issues without investigation?

   (2)    Did the Court deny Appellant Equal Protection as guaranteed by both Constitutions of Pennsylvania, and the United States of America and the many decisions of the United States Supreme Court?

*(Footnote Continued Next Page)*

PCRA petition was filed beyond the time limits set forth in the PCRA, and, therefore, the PCRA court lacked jurisdiction to consider the petition.

The time limits in the PCRA are jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). A PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment of sentence becomes final. *See* 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). Here, Appellant's judgment of sentence became final on February 27, 1998, upon the expiration of the time

*(Footnote Continued)* ───────────

> (3) Was the Commonwealth premature when dismissing Appellant's Constitutional Protected Petition without a record of the argument from a[n] Evidentiary Hearing?
>
> (4) Is Cruel and Unusual Punishment in violation of the Constitutions of Pennsylvania, and the United States of America?
>
> (5) Does [*Roper v. Simons*, 543 U.S. 551 (2005), holding that the imposition of capital punishment for crimes committed when the perpetrator was under the age of 18 is unconstitutional], [*Graham v. Florida*, 560 U.S. 48 (2010), holding that juvenile offenders cannot be sentenced to life imprisonment without parole for non-homicide offenses] and *Miller* coupled with *Dennis v. Secretary, PA Department of Corrections*, [834 F.3d 263] (3d Cir. 2016) [which addresses the prosecution's duty of disclosure under *Brady v. Maryland,* 373 U.S. 83 (1963)] Grant Appellant entitlement under the Eighth Amendment to the Unites States Constitution[?]

Appellant's Brief at 2.

- 4 -

for filing a direct appeal to this Court. *See id.* § 9545(b)(3); Pa.R.A.P. 903(a) ("the notice of appeal required by Rule 902 . . . shall be filed within 30 days after the entry of the order from which the appeal is taken"). Thus, Appellant had one year from that date, or until March 1, 1999,[5] to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b). Appellant did not file the instant petition until March 21, 2016, more than 17 years after his judgment of sentence became final. Accordingly, the PCRA court had no jurisdiction to entertain Appellant's petition unless he pleaded and proved one of the three statutory exceptions to the PCRA's time bar. *See id.* § 9545(b)(1).[6]

_____

[5] February 27, 1999, was a Saturday; Monday, March 1, 1999, was the first business day thereafter.

[6] Those exceptions are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

A petition invoking one of the exceptions must be filed within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant attempts to circumvent the time bar by asserting the "newly discovered evidence" exception under subsection 9545(b)(1)(ii) and the "new constitutional right" exception under subsection 9545(b)(1)(iii).  PCRA Pet., 3/21/16, at 1-2.  Appellant does not explain how he qualifies for the exception under subsection 9545(b)(1)(ii), and any claim under that exception therefore was properly dismissed.  *Commonwealth v. Murray*, 753 A.2d 201 (Pa. 2000) (holding court properly dismissed untimely PCRA petition, where defendant did not plead and prove applicability of time-bar exceptions); *Commonwealth v. Fowler*, 930 A.2d 586, 593 (Pa. Super. 2007) (an untimely PCRA petition is properly dismissed absent proof of applicability of time-bar exceptions).  With respect to subsection 9545(b)(1)(iii), Appellant invokes the United States Supreme Court's holding in *Miller* with respect to those under age 18 and argues:

> [M]andatory life without parole for individual[s] under the age of twenty-one violates state and federal equal protection clauses, as well as Article 7 of the Universal Declaration of Human Rights. . . . [Appellant] also points out that it was not until the United States Supreme Court in [its] most recent case *Montgomery v. Louisiana*, 577 U.S. ___[, 136 S.Ct. 718] (2016), where the Court held that '*Miller*'s prohibition on mandatory life without parole for juvenile offenders announced a new substantive rule, that under the Constitution, is retroactive in cases on state collateral review', that [Appellant] was able to properly invoke this Court's jurisdiction to review these claims.

PCRA Pet., dated 3/21/16, at 2-3.  In his brief to this Court, Appellant justifies his assertion of rights under *Miller* for those under the age of 21 (rather than those under 18) on the ground that Pennsylvania law treats 21

as the age of adulthood for some purposes and that those under 21 sometimes have the same lack of maturity as those under 18. *See* Appellant's Brief at 6-8.

The Supreme Court's decision in *Miller* specifically applies only to defendants who were under the age of 18 when they committed murder. 132 S.Ct. at 2460. It therefore did not create a "new constitutional right" that may be invoked by those who were 18 or older at the time of their crimes. Accordingly, *Miller* may not be used by such persons to extend the PCRA's time limits under Section 9545(b)(1)(iii) of the statute — even where, as here, a defendant claims that his lack of maturity or intellectual development should cause him to be treated as the equivalent of a juvenile. As we explained in *Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (emphasis in original) (citation omitted):

> Appellant argues that he . . . may invoke *Miller* because he was a "technical juvenile," and he relies on neuroscientific theories regarding immature brain development to support his claim that he is eligible for relief. But, rather than presenting an argument that is within the scope of the *Miller* decision, this argument by Appellant seeks an *extension* of *Miller* to persons convicted of murder who were older at the time of their crimes than the class of defendants subject to the *Miller* holding.
>
> We rejected reliance on this same argument for purposes of Section 9545(b)(1)(iii) in *Commonwealth v. Cintora*, 69 A.3d 759 (Pa.Super. 2013). The defendants in *Cintora* were 19 and 21 years old at the times of their crimes, but they argued that *Miller* should apply to them and others "whose brains were not fully developed at the time of their crimes." *Id.* at 764. We stated that "[a] contention that a newly-recognized constitutional right *should* be extended to others does not render [a] petition [seeking such an expansion of the right]

timely pursuant to section 9545(b)(1)(iii)." ***Id.*** (emphasis in original).

. . . ***Cintora*** remains controlling on this issue, and Appellant's assertion of the time-bar exception at Section 9545(B)(1)(iii) must be rejected.

Appellant's reliance on Pennsylvania state laws setting 21 as the age of adulthood for some purposes merely presents another argument for a possible extension of ***Miller*** to a broader class of persons than those covered by the Supreme Court's decision. But the fact remains that the existing constitutional right under ***Miller*** does not apply to Appellant and, accordingly, it may not be used as a basis for extending the PCRA's time bar under Section 9545(b)(1)(iii).

Thus, under ***Furgess*** and ***Cintora***, ***Miller*** is inapplicable to Appellant and provides no exception to the PCRA's time bar. The trial court therefore was without jurisdiction, and Appellant's PCRA petition was properly dismissed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/3/2017